UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILFRED RIVERA, JR., <br>     *Plaintiff*, <br><br> v. <br><br> NCB MANAGEMENT SERVICES, INC., BANK OF AMERICA, <br>     *Defendants*. | No. 3:23-cv-00221-MPS |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Defendant NCB Management Services, Inc. ("NCB") sought to collect a debt from Plaintiff Wilfred Rivera, Jr. on behalf of Defendant Bank of America. Rivera brings this action against NCB and Bank of America for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and other federal laws. Following my ruling granting NCB's motion to dismiss, Rivera amended his complaint and NCB moved for summary judgment. For the reasons explained below, I grant NCB's motion for summary judgment.

**I.    LEGAL STANDARD**

    "Summary judgment is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (internal quotation marks omitted). In reviewing the summary judgment record, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). The moving party bears the

burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). "Where no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Id.* (internal quotation marks omitted).

## II. BACKGROUND

### A. Factual Background

The following facts are taken from the parties' Local Rule 56(a) Statements and exhibits. All facts are undisputed unless otherwise indicated.[1]

---

[1] The Local Rules of this Court require each party to present its version of the facts "in an orderly and structured manner that is designed to allow a judge to ascertain what facts are settled and what facts are in dispute." *Chimney v. Quiros*, 3:21-CV-00321, 2023 WL 2043290, at *1 (D. Conn. Feb. 16, 2023). First, the party moving for summary judgment must file an enumerated statement of facts accompanied by specific citations to supporting evidence—the Local Rule 56(a)1 Statement—along with the cited admissible evidence supporting each individual statement of fact. *See* D. Conn. L. Civ. R. 56(a)1, 3. Then, the party opposing summary judgment must submit a responsive statement—the Local Rule 56(a)2 Statement—containing separately numbered paragraphs corresponding to the paragraphs set forth in the moving party's Local Rule 56(a)1 Statement and indicating whether he admits or denies the facts set forth by the moving party in each paragraph. D. Conn. L. Civ. R. 56(a)2. Each denial in the Local Rule 56(a)2 Statement must include specific citations to admissible evidence supporting the statement or denial, D. Conn. L. Civ. R. 56(a)3, such as an affidavit that has been "sworn to before an officer authorized to administer oaths, such as a notary public," or "an unsworn declaration, which is dated and signed by the declarant 'under the penalty of perjury,' and verified as 'true and correct,'" *Lamoureux v. AnazaoHealth Corp.*, No. 3:03-cv-01382, 2010 WL 3801611, at *1 (D. Conn. Sept. 22, 2010). The non-moving party is also required to submit in a separate section of his Local Rule 56(a)2 Statement entitled "Additional Material Facts" a list of any additional material facts not included in the moving party's Local Rule 56(a)1 Statement that he contends "establish genuine issues of material fact precluding judgment in favor of the moving party." D. Conn. L. Civ. R. 56(a)2. These additional facts must also be followed by specific citations to admissible evidence. D. Conn. L. Civ. R. 56(a)3,

In response to NCB's motion for summary judgment, Rivera filed a "Notice To Court of Facts In Relation To Defendant Motion Filed 1/15/25." ECF No. 69. This filing does not comply with the requirements for Local Rule 56(a)2 Statements. It does not contain any numbered paragraphs and does not appear to address any of the facts set forth in NCB's Local Rule 56(a)1 Statement. *See generally id.* Further, the only evidence that Rivera cites or attaches is a copy of an email he sent Defense counsel, which he presents as evidence that "defendant has already defaulted." *Id.* at 1, 6. I thus will treat as admitted all of the properly supported factual statements in NCB's Local Rule 56(a)1 Statement. *See* Fed. R. Civ. P. 56(e)(2); D. Conn. L. R. 56(a).

NCB is a debt collector. ECF No. 67-2 ¶ 1; *see also* ECF No. 24 at 1. On behalf of Bank of America, it attempted to collect from Rivera debt associated with an account ending with 0101 ("the Account"). ECF No. 67-2 ¶ 1; *see also* ECF No. 24 at 1. Its attempts included a letter dated November 8, 2022, which bears NCB's letterhead and shows that the "[t]otal amount of the debt" for the Account as of that date was "$444.47." ECF No. 67-6 at 2; *see also* ECF No. 24-1 at 1. It also made phone calls to Rivera, but Rivera did not answer any of these calls. ECF No. 67-2 ¶ 3; ECF No. 67-4 ¶ 10. And NCB did not make any attempts to collect this debt after November 15, 2022. ECF No. 67-2 ¶ 4; ECF No. 67-4 ¶¶ 11-12, 15. Further, Rivera has never advised NCB that he was represented by counsel. ECF No. 67-2 ¶ 2; ECF No. 67-4 ¶ 21.

**B. Procedural Background**

I incorporate by reference the procedural background set forth in my ruling on NCB's motion to dismiss. *Rivera v. NCB Mgmt. Servs., Inc.*, No. 3:23-CV-00221-MPS, 2023 WL 7553051, at *1-*2 (D. Conn. Nov. 14, 2023). In that ruling, I dismissed Rivera's claims under the following provisions of the FDCPA: 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, 1692g, 1692i, and 1692j. *See id.* at *2-*3. I also dismissed his claims under: (1) the Truth in Lending Act ("TILA"), including 15 U.S.C. §§ 1602, 1605, 1611, 1640, 1644, and 18 U.S.C. § 892; (2) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; (3) Regulation B of the Equal Credit Opportunity Act, 12 C.F.R. § 1002; (4) 16 C.F.R. § 433, which is an exemption to

---

I acknowledge that Rivera is proceeding *pro se* and that courts must "read a self-represented party's papers liberally and interpret them to raise the strongest arguments that they suggest." *Lindsay v. Cook*, No. 3:19-cv-1486, 2021 WL 5827080, at *2 (D. Conn. Dec. 7, 2021) (internal citations, alteration, and quotation marks omitted). Even for *pro se* litigants, however, "unsupported allegations do not create a material issue of fact and do not overcome a properly supported motion for summary judgment." *Id.* (internal citations, alteration, and quotation marks omitted). In addition, Rivera has substantial experience litigating in this court, including at the summary judgment stage. *See, e.g.*, *Rivera v. Zwicker & Associates, P.C.*, No. 3:23-CV-00116-MPS, 2024 WL 4063915 (D. Conn. Sept. 5, 2024) (my ruling on a motion for summary judgment in another case brought by Rivera). I am allowed to consider this when deciding how much leeway to give him. *See Tracy v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010).

3

the Federal Trade Commission's Holder Rule; and (5) 18 U.S.C. § 8, 28 U.S.C. § 3002(1)(B), and the House Joint Resolution 192 of 1933. *Id.* at *7-*10.

Following my ruling granting NCB's motion to dismiss, Rivera filed a second complaint against NCB, ECF No. 24, and I reopened the case, ECF No. 29. Rivera then moved to join an additional party—Bank of America. ECF No. 38. I granted this motion and directed him to file an amended complaint that added Bank of America as a defendant. ECF No. 40.

Rivera filed a third complaint, which incorporates by reference the allegations against NCB in his second complaint. ECF No. 42 at 6 (asserting that NCB "is separate and liable for their own violations as allotted in previous NCB complaint which still stands"). I will thus refer to ECF No. 24 and ECF No. 42 collectively as the operative complaint ("the complaint").[2] At the time of this ruling, however, Rivera has not yet served Bank of America and Bank of America has not appeared in this case. *See* ECF No. 73. I will thus address only Rivera's claims against NCB, as set forth in ECF No. 24.

Rivera's complaint is difficult to follow. By my best reading, however, Rivera renews some but not all of the FDCPA claims he raised against NCB in his first complaint, one of his TILA claims, and his RICO claim. He also brings new FDCPA claims under 15 U.S.C. §§ 1692a and 1692f.

NCB filed the present motion for summary judgment, ECF No. 67, as well as a notice to Rivera regarding this motion as required by Local Rule 56, ECF No. 68. Rivera filed a response, ECF No. 69, and NCB filed a reply in support of its motion, ECF No. 70.

---

[2] Generally, a plaintiff "cannot simply incorporate by reference the entirety of his prior complaint." *Zaerpour v. Bank of Am. Corp.*, No. 23-CV-0040 (LTS), 2023 WL 1821002, at *2 (S.D.N.Y. Feb. 8, 2023). But because NCB does not object to Rivera's incorporation of the first amended complaint, and in the interest of judicial expediency, I will deem the first amended complaint to be part of the operative complaint.

4

## III. DISCUSSION

NCB moves for summary judgment on Rivera's FDCPA claims and seeks dismissal of Rivera's TILA and RICO claims. As explained below, I grant this motion in full.

### A. FDCPA

Rivera brings claims under the following sections of the FDCPA: 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, 1692f, 1692g, and 1692j.[3] I will address each of these claims in turn.

#### 1. Section 1692b

NCB seeks summary judgment on Rivera's claim under § 1692b(2), which prohibits certain types of communications between a debt collector and "any person other than the consumer for the purpose of acquiring location information about the consumer." I previously dismissed Rivera's claim under this provision because it was based on NCB's communications with Rivera, and the statute "does not cover a letter from a debt collector addressed to the consumer himself." *NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *3 (quoting 15 U.S.C. §§ 1692b, 1692b(2)). Rivera now alleges that NCB's communications *with Bank of America* violated § 1692b(2). Specifically, he contends that "NCB would have had to communicate with BANK OF AMERICA in regards to a debt to buy the account and attempt to collect repayment on an extension of credit," and "BANK OF AMERICA is a non affiliated third party in fact that NCB reached out to in communication about a[n] alleged for sale [sic] and who have contracted with each other via a Forward Flow Agreement." ECF No. 24 at 3.

---

[3] He also brings a claim under § 1692a. *See* ECF No. 24 at 5. Section 1692a sets forth various definitions for terms used in the same subchapter. Though NCB's motion for summary judgment does not address this claim, I will dismiss it with prejudice, since "[d]efinition provisions are not themselves actionable." *Trans Union, LLC*, 2025 WL 1549139, at *4.

Though Rivera has now "allege[d] that NCB communicated with a third party concerning his debt," *NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *3, he has not alleged that this communication was "for the purpose of acquiring location information" about him. *See* 15 U.S.C. § 1692b. Rather, he asserts that this communication was made for the purpose of buying the account. By its plain terms, § 1692b(2) does not apply to such communications. NCB is thus entitled to summary judgment on this claim.

### 2. Section 1692c

NCB also moves for summary judgment on Rivera's claims under § 1692c(a) and (b). Rivera alleges that NCB violated § 1692c(a) because it communicated with him without his consent or the permission of a court. *See* ECF No. 24 at 6 ("Where is the court order or consent from me to NCB to communicate with me at any time about an alleged debt?"). As I already explained in my ruling on the motion to dismiss in this case, § 1692c(a) provides that a debt collector may not "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction…communicate with a consumer in connection with the collection of any debt" in the following three enumerated circumstances:

> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…;
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address,…; or
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c(a); *see NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *4.

Here, there is no genuine dispute of material fact regarding whether one of these three circumstances existed when NCB communicated with Rivera. Though Rivera contends that "ALL

6

TIME IS INCONVINIENT [sic] FOR ME TO HARASS ME ABOUT A[N] UNLAWFUL DEBT," ECF No. 24 at 5, this is not sufficient in order to state a claim under this provision because the statute requires that the debt collector <u>know</u> that the time is inconvenient, or that the time be so obviously inconvenient (like the middle of the night) that the debt collector should know.  It is also undisputed that Rivera is proceeding pro se and that he has never advised NCB that he was represented by counsel.  And Rivera has not alleged that NCB contacted him at his place of employment.  Accordingly, I grant NCB's motion for summary judgment on this claim.

Rivera also contends that NCB violated § 1692c(b), by "communicat[ing] with the all caps name principal obligor, WILFRED RIVERA JR and…always refer[ring] to my principal obligor and not myself the agent, natural person and consumer in fact."  ECF No. 24 at 5.  But this provision applies only to a debt collector's communications with "person[s] *other than the consumer*, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."  15 U.S.C. § 1692c(b) (emphasis added).  NCB is thus entitled to judgment as a matter of law on this claim.

### 3. Section 1692d

Next, NCB seeks summary judgment on Rivera's claim under § 1692d, which prohibits debt collectors from using "obscene or profane language" in connection with the collection of a debt. 15 U.S.C. § 1692d.  Rivera contends that "the word Debt to [him] is profane and obscene." ECF No. 24 at 4.  As I explained at length in my motion to dismiss ruling, this is not sufficient to state a claim under § 1692d.  *See NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *4.  There is thus no genuine dispute of material fact as to whether NCB violated this provision.

### 4. Section 1692e

Next, NCB moves for summary judgment on Rivera's claims under § 1692e, which bars debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Rivera specifically contends that NCB made false and deceptive representations in violation of § 1692e(2)(A), (10), (11), (12), (14), and (16).

As I explained in my ruling granting NCB's motion to dismiss, courts apply the "least sophisticated consumer" standard when evaluating whether collection-related conduct is misleading under the FDCPA. *NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *3 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "Under this standard, a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020) (per curiam) (internal quotation marks omitted). But the least sophisticated consumer standard "will not render debt collectors liable for bizarre or idiosyncratic interpretations of debt collection letters or unreasonable misinterpretations of collection notices." *Id*. (internal quotation marks omitted). In other words, "the least sophisticated consumer standard still preserves the concept of reasonableness." *Rubin v. Montefiore Med. Ctr.*, No. 20-2721-cv, 2021 WL 4538603, at *1 (2d Cir. Oct. 5, 2021) (internal quotation marks omitted).

Here, there is no genuine dispute of material fact as to whether NCB made a misleading statement in violation of § 1692e. With respect to Rivera's claim under § 1692e(2)(A)—which prohibits "[t]he false representation of…the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)—Rivera alleges that "the amount [in November 8, 2022 debt collection notice from NCB] is represented in the positive leading me to believe I am receiving a check." ECF No. 24 at 3. But the notice plainly shows that $444.47 was the "[t]otal amount of the debt" owed by Rivera. ECF No. 67-6 at 2; ECF No. 24-1 at 1.

With respect to his other claims under § 1692e, Rivera alleges that NCB "is using the name BANK OF AMERICA to coerce me to make payments under the impression it is towards BANK OF AMERICA who I allegedly owe to, but in fact it is for NCB and their bank account." ECF No. 24 at 3; *see also id.* at 3-4. I have already explained in my motion to dismiss ruling why such allegations are insufficient under § 1692e(10), (12), and (14). *See NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *4-*5.

They also fail to support a claim under § 1692e(11), which requires debt collectors "to disclose in the initial written communication with the consumer…that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," and "to disclose in subsequent communications that the communication is from a debt collector." The November 8, 2022 notice that NCB sent to Rivera clearly contains both of the required disclosures. ECF No. 67-6 at 2 ("NCB Management Services, Inc. is a debt collector. We are trying to collect a debt that you owe to Bank of America, N.A. We will use any information you give us to help collect the debt."); ECF No. 24-1 at 1. And Rivera has not alleged any facts regarding other communications that violated this provision.

Nor can Rivera's allegations establish a claim under § 1692e(16), which prohibits "[t]he false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title." Rivera has not identified any statements or representations by NCB that suggest that NCB was itself operating as a consumer reporting agency. Though he alleges that Bank of America is a consumer reporting agency, ECF No. 24 at 4; ECF No. 42 at 3, it is undisputed that NCB sought to collect the debt in question on behalf of Bank of America. Accordingly, it would not be false for NCB to represent to Rivera that

9

it was "employed by" Bank of America. 15 U.S.C. § 1692e(16). NCB is thus entitled to judgment as a matter of law on these claims.

### 5. Section 1692f

NCB also seeks summary judgment on Rivera's claim under § 1692f. This section bars debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount…unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f. Rivera asserts that NCB violated this provision by "attempting to collect on a consumer alleged debt without any lawful contract between [him] and NCB." ECF No. 24. As noted already, however, it is undisputed that NCB was collecting a debt on behalf of Bank of America. And Rivera has not alleged that there was no agreement between him *and Bank of America* that authorized the collection of the amounts sought by NCB. There is thus no genuine dispute of material fact as to whether NCB violated § 1692f.

### 6. Section 1692g

Next, NCB moves for summary judgment on Rivera's claim under § 1692g. Section 1692g(a) requires a debt collector to send the consumer a written notice containing various information, including "the name of the creditor to whom the debt is owed." Rivera alleges that NCB violated this provision because it "erroneously claimed BANK OF AMERICA as the 'ORIGINAL CREDITOR,'" rather than him. ECF No. 24 at 2. Again, it is undisputed that NCB was collecting a debt on behalf of Bank of America. And the notice attached to Rivera's complaint states plainly that NCB was "trying to collect a debt that [Rivera] owe[d] to Bank of America, N.A." ECF No. 24-1 at 2. There is thus no genuine dispute of material fact as to whether the

10

notice that NCB sent to Rivera contained "the name of the creditor to whom the debt was owed," or otherwise satisfied § 1692g(a).

Rivera further alleges that "NCB…failed to properly validate ANY debt accordingly under 15 U.S.C. 1692g." ECF No 2 at 2. He appears to be referring to § 1692g(b), which provides that if a consumer disputes the debt, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). Rivera alleges that "NCB was expressed [sic] a[n] AFFIDAVIT OF TRUTH on 11/22/22 expressing all the violations they have committed under the FDCPA." ECF No. 24 at 6; *see also id.* at 7 (an alleged copy of this notice, which is dated November 22, 2022).[4] And it is undisputed that NCB made no attempts to collect the Account after November 15, 2022. There is thus no genuine dispute of material fact as to whether NCB violated § 1692g(b). NCB is entitled to summary judgment on this claim.

7. Section 1692j

NCB also moves for summary judgment on Rivera's claim under § 1692j. As I explained in my motion to dismiss ruling, "Congress passed this provision of the FDCPA to address a practice known as 'flat-rating,'" which occurs when a creditor sends a letter to a debtor that bears the letterhead of a collection agency that is not in fact collecting the debt. *NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *4. Here, it is undisputed that NCB was collecting the debt and that its

---

[4] I have not relied on the following because it was not included in NCB's Local Rule 56(a)1 Statement, but note that one of the affidavits submitted by NCB indicates that NCB "was notified by [Bank of America] that [Bank of America] had received a request for validation from Plaintiff regarding the Account" on November 15, 2022. ECF No. 67-4 ¶ 3. This would not affect my analysis, since the affidavit and supporting exhibit indicates that "in response to this notification, NCB placed the Account on hold and ceased all collection activity." *Id.*; *see also* ECF No. 67-5.

November 8, 2022 letter bore NCB's letterhead. ECF No. 67-2 ¶ 1; *see also* ECF No. 24 at 1. And Rivera has not alleged that any of NCB's other communications bore the letterhead of another collection agency or entity. NCB is thus entitled to summary judgment on this claim.

### B. TILA

Next, NCB moves for summary judgment on Rivera's TILA claim. As I explained in my motion to dismiss ruling, "NCB is not…subject to TILA's requirements because TILA only regulates creditors, and NCB does not constitute a creditor under the act." *NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *7. In addition, the specific provision cited by Rivera—18 U.S.C. § 892—is a criminal statute, which private parties cannot enforce. *Id.* at *8. There is thus no genuine dispute of fact as to whether Rivera could prevail on this claim; he could not.

### C. RICO

Finally, NCB seeks judgment as a matter of law on Rivera's RICO claim. I dismissed this claim in my motion to dismiss ruling because Rivera had not "ma[d]e any allegation that the predicate acts constitute a pattern of racketeering" or any "allegation of any organization, whether formal or informal, that might establish a RICO enterprise." *Id.* at *8. Rivera now alleges that "NCB is an organized entity with levels of management and employees who perform[] the sole purpose of collecting money in commerce on unlawful debt and have attempted to do so via USPS mail committing mail fraud in the process which have caused me financial harm due to lose of wages." ECF No. 24 at 2. He further alleges that "NCB purchas[ed] my PRIVATE consumer information without notifying me prior of so as required under the FDCPA in order to HARASS and ABUSE me to attempt to coerce RE-payment on through an obscene extortionate extension of credit via USPS mail." *Id.* at 1.

12

These allegations are still insufficient to establish liability under 18 U.S.C. § 1962. As I explained in my motion to dismiss ruling, "RICO claims based on underlying allegations of fraud are subject to the heightened pleading standards set forth in Rule 9(b)." *NCB Mgmt. Servs., Inc.*, 2023 WL 7553051, at *8. Under this standard, Rivera must allege both "the particular details" of the alleged fraud, as well as "facts that give rise to a strong inference of fraudulent intent." *Id.* (internal quotation marks and citations omitted). Rivera has not alleged any details regarding NCB's alleged mail fraud. The only communication he identifies with any particularity is the November 8, 2022 notice that NCB sent to Rivera. But, as explained already, there is no genuine dispute of material fact as to whether that notice contained fraudulent statements. And, to establish a pattern of racketeering activity, Rivera "must allege a pattern of *two or more* predicate acts of racketeering." *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 99 (D. Conn. 2014), *aff'd sub nom. Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018) (emphasis added). Accordingly, I grant summary judgment on this claim.

IV.   **CONCLUSION**

For the reasons above, I GRANT NCB's motion for summary judgment. The Clerk is directed to terminate NCB as a defendant.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       June 18, 2025